FILED
APRIL 13, 2007
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| SHANE HAND, | § | |
| | § | |
| PLAINTIFF, | § | |
| v. | § | CIVIL ACTION CAUSE NUMBER |
| | § | |
| CHIROPRACTIC USA, | § | 2:07-CV-014-J |
| | § | |
| DEFENDANT. | § | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS AND GRANTING ALTERNATIVE MOTION TO COMPEL ARBITRATION

Before the Court is Defendant's motion, filed February 28, 2007, for either dismissal of this lawsuit or, in the alternative, to compel arbitration of the claims asserted herein. For the following reasons Defendant's motion to dismiss is denied, and its motion to compel arbitration is granted.

Section 2 of Title 9, United States Code, is the Federal Arbitration Act (Act), which provides in relevant part that:

> A written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction or the refusal to perform the whole or part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

Thus arbitration is a matter of contract and parties are required to submit to arbitration when they have, in advance, agreed to do so. *AT&T Tech., Inc., v. Communication Workers*, 106 S.Ct. 1415, 1418 (1986). Under the Act the Court may only order arbitration in accordance with the arbitration agreement. *Del. E. Webb Const. v. Richardson Hosp. Authority*, 823 F.2d 145, 149 (5th Cir. 1987). Therefore, despite the strong federal policy favoring arbitration, the scope of the contractual clause cannot be extended beyond the intention of the parties. *Moses H. Cone Hosp. v.*

*Mercury Constr. Corp.,* 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1982).;*Beckham v. William Bayley Co.*, 655 F.Supp. 288, 291 (N.D. Tex. 1987).

Plaintiff opposes both dismissal and arbitration, stating that it would be unconscionable to order arbitration of this case because of the prohibitive expenses of doing so. As Defendant correctly points out, Plaintiff makes only conclusory allegations regarding the unconscionablility of arbitration of the claims raised in this lawsuit pursuant to the express terms of the valid binding-arbitration clauses in the two contracts executed by the Plaintiff. Conclusory allegations are insufficient. Where a party seeks to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, that party bears the burden of showing the likelihood of incurring such costs. *Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79, 92, 121 S.Ct. 513 (2000)(the existence of large arbitration costs could preclude a litigant from effectively vindicating her rights in the arbitral forum).

Plaintiff provides no evidence or argument detailing the prohibitive and unnecessary cost of dual arbitrations in California and Texas. Defendant's motion to dismiss is denied, however, Defendant's alternative motion to enforce the agreed arbitration clauses in both contracts according to their express terms is granted.

Unless the parties may mutually agree to one location as permitted by both arbitration clauses in question, *see* ¶ 21.6 (b) at page 23, Plaintiff's claims arising out of the Amarillo clinic's contract will be arbitrated in Los Angeles, California, and Plaintiff's claims arising out of the Friona clinic's contract will be arbitrated in Amarillo, Texas. In any event both arbitrations will be conducted pursuant to the current rules of the American Arbitration Association by one arbitrator appointed in accordance with those rules and subparagraph (b) of the agreed arbitration clause.

2

Counsel are instructed to confer for the purpose of mutually agreeing to arbitration in Amarillo, Texas, of all of Plaintiff's claims. Absent that agreement otherwise, arbitration will be conducted in both Los Angels and Amarillo pursuant to the express terms of the agreed arbitration clauses.

It is SO ORDERED.

Signed this the  13th  day of April, 2007.


/s/ Mary Lou Robinson
**MARY LOU ROBINSON**
UNITED STATES DISTRICT JUDGE